UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDDY OSIAS,<br><br>             Plaintiff,<br><br>-against-<br><br>NYS DEPARTMENT OF CORRECTIONS<br>AND COMMUNITY SUPERVISION, et al.,<br><br>             Defendants. | 26-CV-2871 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Gouverneur Correctional Facility

("Gouverneur"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that employees of

New York State Department of Corrections and Community Supervision ("DOCCS") violated

his rights in both Gouverneur and Auburn Correctional Facility ("Auburn"). Named as

Defendants are: (1) DOCCS; (2) DOCCS Health Services; (3) John Doe; (4) Ms. Coffee/RNS;

and (5) M. McCormick. For the following reasons, this action is transferred to the United States

District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in both Gouverneur and Auburn. Gouverneur is located in St. Lawrence County, and Auburn is located in Cayuga County. Both St. Lawrence and Cayuga Counties fall within the geographic confines of the Northern District of New York. *See* 28 U.S.C. § 112(a). Even if the Court assumed that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in both Gouverneur and Auburn, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in both Gouverneur and Auburn, where Plaintiff was incarcerated when his

2

claims arose and where Defendants can be found, and it is reasonable to expect that all relevant documents and witnesses also would be in both Gouverneur and Auburn. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 9, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3