UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RUDDY OSIAS,

                            Plaintiff              9:26-CV-0755
                                    (AMN/MJK)
    v.

DOCCS, et al.,

                            Defendants.

---

APPEARANCES:

RUDDY OSIAS
Plaintiff, pro se
22-B-2764
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

ANNE M. NARDACCI
United States District Judge

### DECISION AND ORDER

In April 2026, pro se plaintiff Ruddy Osias ("plaintiff") commenced this action by filing a complaint in the United States District Court for the Southern District of New York ("Southern District"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). In the complaint, plaintiff asserts claims arising out of his confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Gouverneur Correctional Facility and Auburn Correctional Facility. *See generally* Compl.

By Order filed on April 14, 2026, Chief United States District Judge Laura Taylor Swain

transferred this action to this District because the facts giving rise to plaintiff's claims occurred in this District.  Dkt. No. 5.  The Southern District did not analyze the sufficiency of the claims and referred a determination on the IFP Application to this Court. *Id*.

Upon receipt of this action, the Court denied plaintiff's IFP application (Dkt. No. 2) as incomplete and advised plaintiff that if he wished to pursue this action, he must pay the filing fee, in full, or submit a complete and signed IFP application.  Dkt. No. 7.

On June 9, 2026, plaintiff, who is presently confined at Clinton Correctional Facility ("Clinton C.F."), filed a second IFP application. Dkt. No. 9.

In a Decision and Order filed on July 16, 2026 (the "July 2026 Order"), the Court granted plaintiff's IFP application and reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

In lieu of an amended pleading, plaintiff filed a letter asking the Court to "disregard the complaint" and claims he is "not seeking anything anymore."  Dkt. No. 13.  Plaintiff also moves for an order to prevent the filing fee from being deducted from his inmate account.  *Id*.

The Court construes plaintiff's motion as seeking voluntary dismissal of this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Rule 41(a) provides in relevant part that a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A).  Rule 41(a) further provides that unless the notice provides otherwise, "the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).

As of the date hereof, plaintiff has not provided the Court with a viable pleading and thus, the Court has not directed service on defendants.  Plaintiff is therefore entitled to withdraw this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Under the PLRA, if a prisoner commences a civil action IFP, the prisoner "shall be required to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), regardless of whether the case is dismissed or denied after filing.  Thus, plaintiff is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit.  *See Huffman v. Benson*, No. 05-CV-0867, 2006 WL 625844, at *2 (W.D.N.Y. March 9, 2006) (denying inmate's request for a refund of the filing fee because he is statutorily required to pay it).  Plaintiff's request for an order preventing a deduction from his inmate account is precluded by the PLRA, and is therefore denied.

Accordingly, it is hereby

**ORDERED** plaintiff's motion (Dkt. No. 13) to withdraw the action is **GRANTED**; and it is further

**ORDERED** that plaintiff's request related to his filing fee (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case and reflect on the docket that the action is voluntarily **DISMISSED without prejudice** pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: <u>August 4, 2026</u>
    Albany, NY

Anne M. Nardacci
U.S. District Judge

3